# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ELIJAH DOUGLAS ROGERS,<br><br>　　Plaintiff<br><br>v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　Defendants | Case No.: 3:19-cv-00503-MMD-CSD<br><br>**Report & Recommendation of<br>United States Magistrate Judge** |

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

For the reasons set forth below, the court recommends dismissal as a result of Plaintiff's failure to prosecute.

## I. BACKGROUND

Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC), when he filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 11.) The court screened his complaint and allowed him to proceed with an Eighth Amendment excessive force claim against defendants Kersten and Purvis. (ECF No. 10.)

On December 29, 2021, Defendants filed their motion for summary judgment. (ECF No. 31.) The motion was served electronically on Plaintiff at NDOC, but a notice was issued that Plaintiff had been discharged from the prison. (ECF No. 32.) Chief District Judge Du issued a *Klingele* order regarding the requirements for responding to a motion for summary

judgment, which was also returned as undeliverable, noting Plaintiff had been discharged. (ECF Nos. 33, 34.)

On January 5, 2022, the court issued an order noting that Plaintiff had not filed an updated address in compliance with Local Rule IA 3-1. The court ordered Plaintiff to file his updated address with the court within 30 days, or by February 4, 2022. (ECF No. 35.) That order was also returned as undeliverable. (ECF No. 36.)

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Local Rule IA 3-1 provides that a "pro se party must immediately file with the court written notification of any change of mailing address … [and] [f]ailure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court."

Plaintiff has not filed an updated address with the court. Nor has he otherwise indicated an intent to prosecute this action.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to apprise the court of his address or further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the Defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**, and **DENYING AS MOOT** Defendants' pending motion for summary judgment (ECF No. 31).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: February 7, 2022

_____
Craig S. Denney
United States Magistrate Judge